J-S10014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC M. LIVERING | : | |
| Appellant | : | No. 127 MDA 2025 |

Appeal from the PCRA Order Entered December 30, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001923-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC M. LIVERING | : | |
| Appellant | : | No. 128 MDA 2025 |

Appeal from the PCRA Order Entered December 30, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002043-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ERIC M. LIVERING | : | |
| Appellant | : | No. 129 MDA 2025 |

Appeal from the PCRA Order Entered December 30, 2024

In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0002069-2018

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERIC M. LIVERING | |
| Appellant | No. 130 MDA 2025 |

Appeal from the PCRA Order Entered December 30, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000121-2019

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                                   **FILED: MAY 5, 2026**

Appellant, Eric M. Livering, appeals *pro se* from the December 30, 2024 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. He challenges the stewardship of plea counsel and asserts a **Brady**[1] claim. After careful review, we affirm.

The relevant facts and procedural history are as follows. On November 8, 2019, while represented by Brian Diedrick, Esquire, Appellant entered a guilty plea to nearly 200 charges arising from his sexual abuse of four minor

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

girls, which he captured on video cameras hidden throughout his home.[2] Appellant completed a written plea colloquy form prior to entering his plea and at the plea hearing the trial court conducted a thorough and comprehensive oral colloquy after which it accepted Appellant's plea.

On February 5, 2020, the trial court sentenced Appellant to a term of 15 to 40 years of incarceration.[3]  Following a PCRA proceeding and the reinstatement of his post-sentence and direct appeal rights, Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence. The trial court denied the motion.  Following Appellant's direct appeal during which Andrew Luch, Esquire, represented Appellant, this Court affirmed Appellant's judgment of sentence on May 3, 2024.  *See Commonwealth v. Livering*, 321 A.3d 926 (Pa. Super. 2024) (non-precedential decision). Appellant did not seek further review of his judgment of sentence.

On August 2, 2024, Appellant *pro se* filed the instant PCRA petition raising, among other claims, ineffective assistance of plea counsel.  He argued that he was unable to obtain his own medical records from his primary care physician, Jeffrey A. Yocum, D.O., notwithstanding an order from the court, and asserted that if Dr. Yocum had complied with the court's order, those records would have shown that he had been prescribed and had been taking

_____

[2] In exchange for the plea, the Commonwealth agreed to a minimum sentence of 15 years of incarceration.  The parties agreed that the trial court would determine the maximum sentence.

[3] On November 5, 2021, the trial court determined that Appellant is a sexually violent predator.

Percocet "for at least the last 18 years straight, at an average amount of 100 pills per month," implying that such long-term use affected his judgment at the time he committed the crimes. Petition, 8/2/24, at 9 (unpaginated). Appellant asserted that "either the [p]hysician or the Public Defender's Officer were the cause of these records vanishing as these were the only (2) people who ever had physical possession of these records." *Id.* at 10 (unpaginated). Appellant further contended that, at some point later, he obtained 8 pages of prescription records from pharmacies.

Appellant claimed that "d[ue] to his [d]efense evidence not being turned over as requested," plea counsel provided ineffective assistance by causing him to enter a guilty plea "under duress." *Id.* He claimed that when he notified Attorney Luch, his prior PCRA counsel, that he had entered his plea under duress, Attorney Luch informed him that his duress claim had no merit because the prescription records were irrelevant and could not be used as a defense. *Id.* at 10-11 (unpaginated). He alleged that because Lebanon County employed each of his appointed counsel, they "refused to investigate, develop[,] and present a viable defense as it relates to [Appellant's] p[re]scription medications and the adverse side effects." *Id.* at 11.

On August 13, 2024, the PCRA court appointed Brandy Grace Hoke, Esquire, to represent Appellant.[4]  On September 3, 2024, the Commonwealth filed a motion to dismiss Appellant's petition.

On December 30, 2024, the PCRA judge, who also presided over Appellant's plea proceedings, held a hearing on the petition.  At the commencement of the hearing, Attorney Hoke explained that Appellant sought to raise issues "regarding suppression issues, credibility of witnesses" and the sufficiency and weight of the evidence.  PCRA Hr'g, 12/30/24, at 4-5.  She represented that she did not believe that Appellant had "any issues that can move forward" except "possibly . . . that his counsel wrongfully induced him to plead [guilty]."  *Id.* at 5.  She then concluded that, based on her review of the record, Appellant had entered his negotiated plea knowingly, intelligently, and voluntarily.  *Id.*

Appellant then testified that he believed his long-term use of Percocet may have caused him to suffer brain damage and had impaired his decision-making ability.[5]  *Id.* at 18.  He testified, however, that he had never been evaluated by a doctor to see if he had brain damage or any other side effects from long-term Percocet use and noted his theory that any side-effects he may have had from using Percocet "wasn't a permanent reaction, it would be

---

[4] Attorney Hoke did not file an amended PCRA petition on Appellant's behalf or any pleading indicating that she believed Appellant's proffered claims lacked merit.

[5] Appellant and his counsel also referred to Appellant's use of Oxycodone for a period of at least 7 years.

a reaction while under the intoxication." *Id.* at 18, 23. When pressed by the court, Appellant again conceded he had no evidence to support that Percocet use affected him other than "evidence . . . that I was given by the psych department here as far as what long[-]term use causes and the damages what they're telling me." *Id.* at 24. Attorney Hoke added that "the psychologist [] said possibly this could be a thing. But . . . [Appellant] hasn't had MRIs, CAT scans, any actual testing by a neurologist, anything like that to verify that this is in fact what condition he is in or when that would have started in relation to the crime." *Id.* at 25.

Appellant also acknowledged that he completed a written guilty plea colloquy form and participated in an oral colloquy before entering his guilty plea. *Id.* at 19-21. He claimed that he did not inform the court at that time that he was pleading guilty under duress because he was "in a state of shock." *Id.* at 21.

Following the hearing, the PCRA court dismissed Appellant's petition. The PCRA court first found that Appellant had entered his plea knowingly, intelligently, and voluntarily and observed that Appellant did not testify that he was either "in a fog" or "under duress" when he entered his plea. *Id.* at 26. The court then noted that Appellant's alleged inability to obtain his own medical and prescription records was irrelevant because "the case law says the fact that you were voluntarily taking medication does not get to come into evidence in this case as a defense as to what you were alleged to have done." *Id.* at 26. The court further noted the absence of any evidence that

Appellant's prescription drug use caused Appellant "not to understand that setting up three different cameras, two of which were in the bathroom to videotape or record young women, underage women undressed." *Id.* at 27. The court also observed that Appellant "ha[sn't] had anybody in here to say that going into their rooms and having you touching your penis against their mouth and face area and vagina area, your tongue to their vagina area was caused by you taking this medicine." *Id.* The PCRA court, thus, denied Appellant's petition as meritless. *Id.* at 29.

Appellant *pro se* filed a timely notice of appeal.

On February 14, 2025, counsel filed a motion with the PCRA court for leave to withdraw as counsel, asserting that Appellant wished to proceed *pro se*. On April 10, 2025, the PCRA court held a ***Grazier***[6] hearing at which Appellant waived his right to counsel. The PCRA court, thus, permitted Appellant to proceed *pro se*, granted counsel's motion to withdraw, and re-appointed Attorney Hoke to serve as stand-by counsel.

On June 30, 2025, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive opinion.

In his *pro se* brief to this Court, Appellant raises the following issues for our review:

> 1. Whether the [PCRA] court erred and/or abused its discretion when it denied [] Appellant's PCRA [p]etition[?]

---

[6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

2. Whether the [PCRA] court erred and/or abused its discretion when it failed to issue [] Appellant a new trial after [] Appellant claimed "newly[-]discovered evidence" for PCRA purposes[?]

3. Whether the [PCRA] court erred and/or abused its discretion when it denied [] Appellant's PCRA claim of layered ineffective assistance of counsel because [Appellant's] prescribing doctor was a prestigious county official for the last 20+ years[?]

4. [Whether t]he [PCRA] court erred and/or abused its discretion when it showed judicial bias and misconduct against [Appellant?]

5. Whether the [PCRA] court erred and/or abused its discretion when it failed to grant [Appellant] a directed verdict because of the Commonwealth and/or Lebanon County official's failure to turn over court[-]ordered evidence, which violated [] Appellant's due process rights[?]

Appellant's Brief at 4 (unnecessary capitalization omitted).[7]

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.*

---

[7] Although Appellant has raised five questions in his statement of questions, his brief contains only three sections of argument. We, therefore, address only those questions subsumed within the arguments Appellant has presented.

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; discovery of exculpatory evidence; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. 42 Pa.C.S. §§ 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* at § 9543(a)(3), (a)(4).

Appellant first argues that the PCRA court abused its discretion in failing to order a new trial based on Appellant's discovery of purported new evidence. Appellant's Br. at 21-24.

To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. *Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018). In addition, "the proposed new evidence must also be producible and admissible." *Id.*

- 9 -

Appellant contends that his newly-found prescription records, which only he and not any of his court-appointed attorneys were able to obtain, showed he was under the influence of narcotics when he committed his crimes, and that his use of prescription narcotics caused him to commit the crimes. Appellant's Br. at 22. In other words, Appellant claims that the prescription records offer him a defense to the charged crimes that was previously unavailable to him. *Id.*

Specifically, Appellant asserts that he could not obtain these records earlier because, after his plea counsel obtained only one prescription record, counsel "refused to further investigate and refused to take any further action to acquire the prescription records." *Id.* at 23. He claims that counsel "effectively abandoned" him as it related to acquiring the prescription records. He states that the evidence is not corroborative or cumulative and he would not have used it solely for purposes of impeachment. *Id.* at 23-24. Last, he baldly claims that if the court ordered a new trial the jury would find him not guilty because numerous jurisdictions have entered into settlement agreements with the three primary distributors of opioids. *Id.*

Following our review, we conclude that the PCRA court properly rejected this claim because, *inter alia*, Appellant's prescription records would not have been admissible at trial as a defense to the crimes charged. *See Commonwealth v. Bardo*, 105 A.3d 678, 716 (Pa. 2014) (explaining that "a defense of diminished capacity grounded in voluntary intoxication is a very limited defense" which only acts to mitigate first-degree murder to third-

- 10 -

degree murder); ***Commonwealth v. Hutchinson***, 25 A.3d 277, 312 (Pa. 2011) ("A defense of diminished capacity, whether grounded in mental defect or voluntary intoxication, is an extremely limited defense available only to those defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill."). Appellant has not cited to any authority expanding the availability of the defense of diminished capacity to defendants charged with child sexual abuse offenses, and this Court is not aware of any. Accordingly, the after-discovered evidence of Appellant's years-long prescription drug use would not have been, and would not now be, admissible at a trial as a defense to the crimes with which the Commonwealth charged him.[8] Appellant's claim that the PCRA court erred in declining to grant him a new trial on the basis of after-discovered evidence, thus, fails.

Appellant next argues that his plea counsel was ineffective because, as the Chief Public Defender of Lebanon County, he was biased in favor of Appellant's prescribing physician, Dr. Yocum, who served as the Lebanon County Coroner, head of the county health department, lead medical examiner, head medical facilitator for the county's drug treatment facility, and a primary care physician at the county's correctional facility. Appellant's Br. at 26. He contends that because both his plea counsel and Dr. Yocum were

---

[8] Moreover, even if the prescription records were admissible in support of a defense, Appellant conceded he had no evidence to demonstrate that his prescription drug use caused him brain damage or impaired his judgment at the time he committed the offenses. ***See*** N.T. PCRA Hr'g at 18, 23-25.

- 11 -

"high ranking officials of Lebanon County who[se] paths have crossed many times," counsel "did not want the [c]ourt or the public to learn about Dr. Yocum prescribing [Appellant] a[n] excessive amount of opioids for numerous years" so counsel "acted to protect Dr. Yocum" by refusing to take any further action after only obtaining one prescription record. *Id.* Appellant asserts that counsel's actions or inactions lacked a reasonable basis because he should have either recused himself or zealously pursued additional prescription records. *Id.* at 27. He contends that counsel's inaction prejudiced him by depriving him of a defense to the charges and ultimately "forced [him] to take a plea deal." *Id.*

We presume that "counsel has rendered effective assistance." *Commonwealth v. Bickerstaff*, 204 A.3d 988, 992 (Pa. Super. 2019). In order to overcome the presumption that counsel has provided effective assistance, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Bradley*, 261 A.3d 381, 390 (Pa. 2021). A petitioner must plead and prove by a preponderance of the evidence each of these elements. 42 Pa.C.S. § 9543(a). A claim will be denied if the petitioner fails to meet any one of these prongs. *See Jarosz*, 152 A.3d at 350.

Notably, "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted).

- 12 -

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (citations and quotation marks omitted); *see also Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa. Super. 2005) (holding PCRA petitioner will be eligible to withdraw his plea if he establishes ineffective assistance of counsel caused the petitioner to enter an involuntary guilty plea).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of doing otherwise." *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). "Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Id.* (citation omitted).

Moreover, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

Appellant's claim—that his plea counsel was ineffective and biased against him because he failed to act more zealously to obtain Appellant's prescription records from Dr. Yocum—fails to garner relief. As discussed above, Appellant sought to obtain his prescription records to establish a defense to the crimes charged. However, based on the nature of the charges against him, a diminished capacity defense was not available to Appellant and plea counsel acted reasonably in declining to pursue Appellant's prescription records for this purpose. Moreover, to the extent Appellant claims his plea was involuntary as a result of counsel's purported ineffectiveness, we observe that in his oral guilty plea colloquy, Appellant confirmed, *inter alia*, that he committed each of the offenses to which he was pleading guilty and understood the terms of the plea agreement, that counsel had discussed and explained the case to him in full, and that he was satisfied with the way counsel had represented him.[9] N.T.Plea Hr'g, 11/8/19, at 5-10. Appellant is bound by the statements he made in open court and, because the guilty plea colloquy as set forth in record clearly demonstrates that Appellant understood the nature of the charges against him, we consider him to have entered his plea voluntarily. Appellant's ineffective assistance of counsel claim, thus, fails.

Appellant next argues that the PCRA court should have granted him a directed verdict because Lebanon County officials and the Commonwealth failed to turn over his prescription records, even though they had been court-

_____

[9] In addition, Appellant did not file a motion to withdraw his guilty plea either pre- or post-sentence.

- 14 -

ordered to do so, in violation of his constitutional rights. Appellant's Br. at 28. Relying on **Brady**, Appellant contends that because Dr. Yocum was a Lebanon County official, the doctor's failure to produce Appellant's prescription records pursuant to the court's order amounted to suppression of evidence by the Commonwealth. **Id.** at 29-30. Appellant claims that this evidence was material and favorable to him and would have resulted in a different outcome because it would have formed the basis of his defense to the *mens rea* element of the charges. **Id.** at 30-31.

In **Brady**, the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87; **see also** Pa.R.Crim.P. 573(B)(1)(a) (pertaining to the mandatory disclosure of evidence favorable to the accused which is material to guilt or to punishment of the accused, and is within the possession or control of the prosecutor). "To establish a **Brady** violation, an appellant must prove three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." **Commonwealth v. Spotz**, 47 A.3d 63, 84 (Pa. 2012). In order to demonstrate prejudice, "the evidence suppressed must have been material to guilt or punishment." **Commonwealth v. Gibson**, 951 A.2d 1110, 1126 (Pa. 2008).

- 15 -

Evidence is material under **Brady** when there is a reasonable probability that, had the evidence been disclosed, the result of the trial would have been different. **Id.** at 1127. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish materiality in the constitutional sense." **Commonwealth v. McGill**, 832 A.2d 1014, 1019 (Pa. 2003) (quoting **U.S. v. Agurs**, 427 U.S. 97, 109–10 (1976)).

Appellant's claim fails to satisfy the first two elements of **Brady**. First, the evidence at issue—Appellant's prescription records—is not exculpatory and, as discussed above, cannot be used as the basis for a diminished capacity defense, nor would the evidence be admissible for impeachment purposes. Second, Appellant has provided no evidence that the Commonwealth suppressed the evidence and no citation to any authority to support his theory that Dr. Yocum's failure to turn over his prescription records amounts to suppression of evidence by the Commonwealth. Appellant is, thus, not entitled to relief on this claim.

Having found each of Appellant's arguments meritless, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>05/05/2026</u>